**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 14, 2018
OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANCIS MACH )
    Plaintiff )
)
) CASE NO. 18-2194
v )
)
)
ABB, Inc.; and )
JASON GREEN )
    Defendants

## COMPLAINT

Comes now the Plaintiff, FRANCIS MACH, by and through his attorney, Walters, Gaston, Allison & Parker, and for his Complaint against the above-named Defendants, states and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), the Age Discrimination Employment Act of 1967, and the Arkansas Civil Rights Act.

2. Plaintiff Francis Mach alleges that Defendant Jason Green collectively with employees of ABB unlawfully discriminated against him on the basis of his race and age.

3. Plaintiff seeks all compensatory damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of his rights.

## II. THE PARTIES

4. Plaintiff, Francis Mach, an Asian male from Vietnam who is at least 50-years old, is a citizen of the United States and resides in Fort Smith, Sebastian County, Arkansas. At all times relevant to this suit, until his termination in January of 2018, he was employed with ABB as a technician.

5. Separate Defendant ABB, Inc. (herein "ABB) is a foreign corporation and has its principal place of business in Connecticut and maintains facilities and business operations in Fort Smith, Arkansas. At all times relevant herein, Defendant ABB had at least fifteen employees and was therefore an "employer" within the meaning of Title VII. Defendant ABB is liable for the acts of their agents and employees as set forth below.

6. Separate Defendant, Jason Green is being sued in his official capacity as HR Manager for ABB.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

8. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

9. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42

U.S.C. § 2000e-5(f)(3).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or about August 16, 2018, the EEOC issued Plaintiff Notice of Right to Sue.

11. Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

## V. STATEMENT OF FACTS

14. Plaintiff was hired by Baldor in 1991, now ABB, to work in the warehouse. At the time of his termination in January 19, 2018, Plaintiff was a technician.

15. Plaintiff was subjected to conduct that caused him to be on the watch out for disparate treatment. Such conduct being:

    a. Transferring other similarly situated white and younger employees (without making them bid), yet making Plaintiff bid on a new position;

    b. Terminating Plaintiff due to "lack of jobs," yet hiring many other white and younger employees thereafter;

    c. Retaliation against Plaintiff when he complained of the discriminatory practices.

16. On or about August 14, 2017, ABB contracted with Jones, Lang, Lasalle (herein "JLL") to outsource their HVAC department.

17. On or about September 7, 2017, Plaintiff was awarded a HVAC technician position when Defendants knew that they had already contracted with JLL. They gave no

warning to Plaintiff about the aforementioned contract and took advantage of his understanding of the situation.

18. On or about November 27, 2017, Plaintiff received notice that the HVAC position was being outsourced to JLL and that he was losing the position that he was just awarded.

19. Mr. Green transferred two white and younger individuals, Bruce Thorton and Jordan Shores, to regular maintenance positions and made Plaintiff bid for other positions.

20. Plaintiff complained to Merrill Bradley in the human resources department about the disparate treatment.

21. Plaintiff was given until January 21, 2018 to bid on a new position.

22. Plaintiff bid on five jobs, three of which he had plenty of experience and would have won them.

23. Plaintiff was notified on January 18, 2018 that he was no longer employed with ABB due to lack of jobs, however, ABB hired many younger employees thereafter. After this event, Mr. Green instructed the HR department to place a picture of Plaintiff in the office and to be on the lookout in the case that Plaintiff were to return to the property.

24. This conduct demonstrated maltreatment, retaliation, and discrimination and Plaintiff has suffered damages as a result.

### COUNT ONE
### (Racial and National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)

25. The foregoing paragraphs are realleged and incorporated herein by reference.

26. The Defendants' conduct as alleged at length herein constitutes discrimination based on race and national orgin in violation of Title VII.

## COUNT TWO
### (Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA) 29 USC 621)

27. The foregoing paragraphs are realleged and incorporated herein by reference.

28. The Defendants' conduct as alleged at length herein constitutes discrimination based on age in violation of ADEA.

## COUNT THREE
### (Reprisal for Engaging in Protected Activities)

29. The foregoing paragraphs are realleged and incorporated herein by reference.

30. The Defendants' conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII and the ADEA.

## COUNT FOUR
### (Discrimination & Retaliation in Violation of the Arkansas Civil Rights Act)

31. The foregoing paragraphs are realleged and incorporated herein by reference.

32. The Defendants' conduct as alleged above constitutes discrimination and retaliation in violation of the Arkansas Civil Rights Act

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby requests that this Court award him:

(a) Reinstatement to his position, with all attendant back pay, benefits and other emoluments of employment;

(b) a reasonable sum in compensatory damages suffered because of the discrimination;

(c) costs and reasonable attorney's fees incurred with this lawsuit with interest thereon, and for

(d) all other damages and further relief as deemed just.

### JURY DEMAND

The Plaintiff requests trial by jury.

Respectfully submitted,
FRANCIS MACH

WALTERS, GASTON
ALLISON & PARKER
1405 W. CENTER, 3RD FLOOR
GREENWOOD, AR 72936
(479) 996-2100

BY: _____
Troy Gaston
Bar No. 112205