UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANCIS MACH                                                                       PLAINTIFF

v.                                             No. 2:18-cv-2194

ABB INC. and JASON GREEN                                      DEFENDANTS

## ORDER

Before the Court is Defendants ABB Inc. ("ABB") and Jason Green's motion (Doc. 6) and memorandum brief (Doc. 7) seeking partial dismissal of Plaintiff Francis Mach's complaint. Mach filed a response (Doc. 17) in opposition. Defendants seek dismissal of Mach's retaliation claims asserted under Title VII of the Civil Rights Act ("Title VII") and the Age Discrimination in Employment Act ("ADEA"); Plaintiff's age discrimination and related retaliation claims under the Arkansas Civil Rights Act ("ARCA"); and all claims against Jason Green. (Doc. 7, p. 1). Plaintiff concedes that his age discrimination and related retaliation claims under the ARCA and all claims against Jason Green should be dismissed. (Doc. 17, p. 1). Thus, the only issue for the Court to resolve is whether dismissal of Plaintiff's retaliation claims alleged under Title VII and the ADEA is warranted. For the following reasons, Defendants' motion will be granted.

**I.    Background**

Francis Mach is a 50-year-old Vietnamese man who was employed by ABB in its Fort Smith, Arkansas facility as a technician. (Doc. 1, p. 2). Mach alleges that during his employment with ABB, he experienced disparate treatment because of his age and race and that ABB retaliated against him when he complained of the discriminatory treatment. (Doc. 1, p. 3). Mach specifically alleges that ABB awarded him an HVAC technician position, when they knew that the position would be outsourced in a matter of months. (Doc. 1, pp. 3-4). ABB's choice to outsource the position led to Mach losing his job. (Doc. 1, p. 4). Mach was then asked to "bid" for other

1

positions, while "white and younger" individuals were simply transferred to regular maintenance positions. *Id.* Mach alleges that he complained to Merrill Bradley, a human resource specialist at ABB, about the disparate treatment. *Id.* Nevertheless, Mach placed a bid on five jobs at ABB and claims that he was qualified for three of them. *Id.* However, Mach was notified by ABB that he was no longer employed with the company due to a lack of jobs. *Id.* Mach alleges that ABB hired "many young employees" after terminating his employment due to a lack of jobs. *Id.* As a result, Mach filed a charge of discrimination on April 2, 2018 as required by Title VII and the ADEA. (Doc. 7-1, p. 2). In the charge, Mach identifies the date of discrimination as January 19, 2018. *Id.* On the charging document, Mach identifies the bases of the discrimination charge he is filing as race and age discrimination. *Id.* Mach did not however, check the retaliation box. *Id.* Mach described the discrimination charges he was bringing in the narrative portion of the charging document by stating:

> I was employed in 1991 and worked most recently as an HVAC maintenance technician. In Sept. 2017, I bid on the HVAC position and was awarded it; however, the company didnt inform me the position was to be eliminated via a service contract in 2018. I was discharged on or about Jan. 19th, 2018. I was told I was discharged due to the positions being converted to contract positions. I believe I was discharged because of my age (57) in violation of the Age Discrimination in Employment Act of 1967, as amended; and, due to my Race (Asian) in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id*.

## II.   Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). The Court may also consider "materials embraced by the pleadings and materials that are part of the public

record." *In re K-Tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002) (internal quotations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009). "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

### III. Analysis

Defendants filed the instant partial motion to dismiss asserting that Mach's retaliation claims under Title VII and the ADEA fail as a matter of law because Mach did not timely exhaust the required administrative remedies. A plaintiff bringing a Title VII or ADEA claim must first file a timely EEOC charge on the alleged acts of discrimination. *See* 42 U.S.C. § 2000e-5(e)(1) (establishing a 180-day limitation period for filing an EEOC charge for acts of discrimination predicated on Title VII); 29 U.S.C. § 626(d)(1) (establishing the 180-day limitation period for ADEA claims). A plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). However, "it is well established that retaliation claims are not reasonably related to underlying discrimination claims," unless the claim alleges that the Defendant retaliated against the Plaintiff for filing an EEOC charge alleging discrimination. *Wallin v. Minnesota Dept. of Corrections*, 153 F.3d 681, 688 (8th Cir. 1998).

Defendants correctly argue that Mach did not identify retaliation on the EEOC charging document as a basis for his discrimination claims. Additionally, Mach is not alleging that ABB retaliated against him for filing the EEOC charge. Mach's stated date of discrimination is months before his charging document was filed. This is not a case where Mach's retaliation claim would be found reasonably related to the underlying discrimination claims because ABB retaliated against Mach for filing a claim.

The 180-day time period for Mach to file an EEOC charge alleging retaliation has elapsed and this is not a case where the Court could find that Mach's retaliation claims are reasonably related to his underlying discrimination claims. Therefore, Mach's retaliation claims under Title VII and the ADEA will be dismissed with prejudice for failure to exhaust the required administrative remedies to bring a Title VII or an ADEA action for retaliation.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' partial motion to dismiss (Doc. 6) is GRANTED. Plaintiff's retaliation claims asserted under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act; Plaintiff's age discrimination and related retaliation claims under the Arkansas Civil Rights Act and all claims against Jason Green are DISMISSED WITH PREJUDICE. Mach's claims against ABB Inc. for race and national origin discrimination under Title VII, age discrimination under the ADEA, and race discrimination under the ARCA remain pending.

IT IS FURTHER ORDERED that Defendants' motion (Doc. 18) to file a reply to Mach's response (Doc. 17) is DENIED as MOOT.

IT IS SO ORDERED this 29th day of January, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE